UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CYNTHIA ANN JACKSON-WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  No. 1:16-cv-02530-TWP-MPB |
| | ) |
| BRIAN PRYOR, | ) |
| DENNIS DENNY and agents, | ) |
| TOWN OF SHIRLEY, IN 47384, | ) |
| SHIRLEY POLICE OFFICERS OF THE | ) |
| DEPT., | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Motion to Dismiss and Motion to Amend**

Plaintiff Cynthia Ann Jackson-Watson brought this complaint presumably pursuant to 42 U.S.C. § 1983 alleging that the defendants have violated her civil rights. Defendants Dennis Denney,[1] the Town of Shirley, and the Shirley Police Department ("SPD")[2] move to dismiss the claims against them pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure* for failure to state a claim upon which relief can be granted. Jackson-Watson has responded and has filed a motion to amend her complaint. The motion to amend, however, is not accompanied by a proposed amended complaint as required by this Court's Local Rule 15-1. The motion to amend [dkt 25] is therefore **denied**. In addition, for the following reasons, the motion to dismiss [dkt 20] is **granted**.

---

[1] This defendant's name is misspelled in the complaint as Denny.
[2] Jackson-Watson names as a defendant "Shirley Police Officers of the dept." This is understood to mean the Shirley Police Department.

## I. Motion to Dismiss Standard

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). The allegations of the compliant must provide "fair notice" to the defendant of what the claim is and the grounds for the claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pro se complaints such as that filed by Jackson-Watson, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. Allegations of the Complaint

Jackson-Watson alleges in her complaint that defendant police officer Brian Prior harassed, intimidated, stalked, and slandered her, and that he falsely informed on her to a state agency. She further alleges that she complained to the Town Council and contacted Town Council President Denney, but received no response. She alleges that she attended a Town Council meeting to state her problems. She further alleges that SPD officer Josh Miller falsely arrested her for resisting orders by Brian Pryor. She alleges that Pryor "[h]as advised [officers] to stop [her] green van no matter who's driving" and that she was stopped on Main St., treated rudely, and that paperwork and her license were thrown through the window. She also alleges that SPD has failed to protect her family, and that she applied for two protective orders (in Hancock County and Henry County) and both were denied.

Jackson-Watson seeks monetary damages, to have criminal charges brought against Pryor, and that Pryor be fired.

## III. Discussion

Defendants SPD, Town of Shirley, and Denney argue that the claims against them must be dismissed for failure to state a claim. Jackson-Watson responds, emphasizing the alleged violations of her rights by defendant Pryor.

### A. *SPD*

Defendant SPD argues that the claims against it must be dismissed because it cannot be sued under § 1983. Because it is true that in Indiana, municipal police departments "are not suable entities," *See Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011), the claims against the SPD must be **dismissed**.

### B. *Town of Shirley*

The Town of Shirley also seeks dismissal of the claims against it because Jackson-Watson does not allege any policy or custom that resulted in the alleged deprivation of her rights. A governmental entity cannot be held liable under § 1983 for an injury inflicted solely by its employees. *Monell v. New York Dept. of Social Services*, 436 U.S. 658, 694-95 (1978); *City of Canton v. Harris,* 489 U.S. 378, 385 (1989). Thus, to state a municipal liability claim against the Town of Shirley under § 1983, Jackson-Watson must show that the alleged constitutional deprivations were caused by an official policy or custom. *Monell*, 436 U.S. at 694. In other words, a "governmental entity is liable under §1983 only when the entity itself is a 'moving force' behind the deprivation." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

> A plaintiff may demonstrate an official policy through: (1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

*Estate of Sims ex rel. Sims v. Cty. of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007).

Jackson-Watson's complaint contains no allegation that the Town of Shirley maintained an official custom or policy that was the "moving force" behind or resulted in the alleged deprivation of her rights. She does not allege that the alleged violations of her rights by Officer Pryor were the result of an express policy, a widespread practice, or the act of someone with final policymaking authority. Accordingly, the claims against the Town of Shirley must be **dismissed**.

C. *Denney*

Town Council President Dennis Denney also seeks dismissal of the claims against him. Jackson-Watson alleges in the complaint that she "contacted the Town [Council] President Dennis Denny [sic]" and received "[n]o response." Denney argues that whether alleged against him in his official or individual capacity, the claims against him must be dismissed.

1. Official Capacity

First, Denney argues that any claim against him in his official capacity as Town Council President must be dismissed because it is duplicative of claims against the town. Official-capacity suits, "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell*, 436 U.S. at 690 n. 55. Because any claim against Denney in his official capacity is the same as a claim against the Town of Shirley itself, and because the claims against the Town of Shirley have already been dismissed, any claim against Denney in his official capacity must be **dismissed**.

2. Individual Capacity

Denney also seeks dismissal of the claims against him in his individual capacity because there is no allegation that he personally participated in any of the alleged misconduct.

"A damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation." *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'") (citation and quotation marks omitted). Mere "knowledge of a subordinate's misconduct is not enough for liability." *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012) (en banc). Indeed, "inaction following receipt of a complaint about someone else's conduct is [insufficient]." *Estate of Miller by Chassie v. Marberry*, --- F.3d ----, 2017 WL 396568, *3 (7th Cir. 2017); *see Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Jackson-Watson's allegations that she contacted Denney and received no response thus are insufficient to subject him to liability for the actions of Officer Pryor. Accordingly, the claims against Denney in his individual capacity must be **dismissed**.

## IV. Conclusion

For the foregoing reasons, Jackson-Watson's motion to amend [dkt 25] is **denied** and the motion to dismiss [dkt 20] is **granted**. The claims against Dennis Denney, the Town of Shirley, and the Shirley Police Department are **dismissed**. The **clerk shall** terminate these defendants on the docket. The claims against defendant Brian Pryor remain. No partial final judgment shall issue as to the claims resolved in this Entry.

**IT IS SO ORDERED.**

Date: 2/23/2017

_Tanya Walton Pratt_
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CYNTHIA ANN JACKSON-WATSON
219 Illinois St.
PO Box 118
Shirley, IN 47384

Kirk A. Horn
MANDEL HORN MCGRATH & REYNOLDS, P.C.
khorn@mhmrlaw.com

Kyle A. Jones
NORRIS CHOPLIN & SCHROEDER LLP
kjones@ncs-law.com